UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLES NEELY (#302642)                                   CIVIL ACTION

VERSUS

N. BURL CAIN                                              NO. 10-0230-RET-DLD

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Baton Rouge, Louisiana, this ___19th___ day of April, 2010.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

CHARLES NEELY (#302642)                                    CIVIL ACTION

VERSUS

N. BURL CAIN                                               NO. 10-0230-RET-DLD

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the petitioner's application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner, Charles Neely, challenges his convictions and sentences, entered in three separate proceedings in 1991 and 1992 in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, on respective counts of possession of cocaine, aggravated burglary and armed robbery. He challenges the resulting 76-year sentences entered on the latter two convictions, as enhanced by a multiple offender adjudication imposed as a result of the first conviction. He asserts that (1) his initial guilty plea to possession of cocaine in 1991 was deficient because he was not advised that the conviction could be used to enhance sentences upon subsequent criminal conviction, and because the facts asserted by the State did not support his conviction for possession of cocaine, and (2) his multiple offender adjudication in April, 1993, which enhanced the two sentences imposed in connection with 1992 convictions for aggravated burglary and armed robbery, respectively, was deficient because the convictions were not final, because he was not advised of his right to remain silent and to demand a formal hearing in connection with the multiple offender adjudication, and because the State did not adequately prove the predicate conviction(s) to support the multiple offender adjudication.

Upon a review of the petitioner's application, it appears that he was arrested in 1991 and

charged with possession and distribution of cocaine. In September, 1991, he entered into a plea agreement with the State, pursuant to which he pled guilty to one count of possession of cocaine. It appears that the petitioner was granted probation in connection with this conviction, and it does not appear that he appealed the conviction or the sentence entered in connection therewith.

In June and August, 1992, respectively, the petitioner was thereafter charged with aggravated battery and armed robbery, and after jury trials conducted in October and December, 1992, he was found guilty of these offenses. The State then filed a multiple offender bill in early 1993, using as a predicate offense the 1991 conviction for possession of cocaine. After a hearing held in March, 1993, the petitioner was found to be a multiple offender, and he was subsequently sentenced, on April 2, 1993, to ten years in confinement on the aggravated battery charge and sixty-six years in confinement on the armed robbery charge, with these sentences to be served consecutively.

The petitioner appealed the 1992 convictions and sentences and the 1993 multiple offender adjudication. On December 15, 1995, the Louisiana Court of Appeal for the First Circuit entered companion decisions in four (4) parts, upholding the convictions, sentences and multiple offender adjudication. See State v. Neely, 667 So.2d 1236 (La. App. 1st Cir. 1995)(two opinions), and State v. Neely, 667 So.2d 1237 (La. App. 1st Cir. 1995)(two opinions). A subsequent application for supervisory review before the Louisiana Supreme Court was denied on April 26, 1996. See State v. Neely, 672 So.2d 679 (La. 1996).

More than twelve years later, on or about December 9, 2008, the petitioner filed a Motion to Vacate Illegal Sentence in the state trial court, wherein he asserted that his sentences were illegal because (1) he had not been advised at his 1991 guilty plea colloquy that the conviction could be used to enhance his sentence in connection with subsequent criminal convictions, (2) the April, 1993, multiple offender adjudication was invalid because the convictions for aggravated battery and armed robbery were not final at the time of the multiple offender proceedings, and (3)

the petitioner had not been advised prior to the April, 1993, multiple offender adjudication of his right to remain silent. This motion was denied without a hearing on December 17, 2008, and the petitioner's subsequent applications for supervisory review in the state appellate courts were also denied, on March 9, 2009, and March 5, 2010, respectively, with both appellate courts explicitly citing, inter alia, La. Code Crim. P. art. 930.8 (which provides a two-year statute of limitations for the filing of applications for post-conviction relief).

On or about April 1, 2010, the petitioner filed the instant habeas corpus proceeding in this Court. Based upon the foregoing, the Court concludes that the application is both untimely and is barred by procedural default.

Pursuant to 28 U.S.C. § 2244(d), there is a one-year statute of limitations applicable to federal habeas corpus claims brought by prisoners in state custody. This statute provides, in pertinent part:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this sub-section.

28 U.S.C. § 2244(d)(1) and (2). To be considered "properly filed" for purposes of §2244, an application's delivery and acceptance must be in compliance with the applicable laws and rules governing filings. Pace v. DiGuglielmo, 544 U.S. 408, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005),

citing Artuz v. Bennett, 531 U.S. 4, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000).

In the instant case, the petitioner's 1992 convictions became final on direct appeal on or about July 25, 1996, ninety (90) days after the Louisiana Supreme Court denied his writ applications on direct appeal and upon the petitioner's failure to seek further review before the United States Supreme Court. The petitioner then waited more than twelve years before filing a motion to correct the asserted illegal sentence in the state trial court. Accordingly, it is clear that more than one year elapsed during which the petitioner did not have pending any properly filed application for post-conviction or other collateral relief in the state courts. His petition in this Court, therefore, is time-barred pursuant to § 2244(d) and must be dismissed.

Further, although this Court has the power to equitably toll the statute of limitations in exceptional circumstances, Davis v. Johnson, 158 F.3d 806 (5th Cir. 1998), this Court finds no compelling reason to recommend tolling in this case. Accordingly, the Court finds that the petitioner is not entitled to equitable tolling of the limitations period.

Finally, it appears that the petitioner's claims, although technically exhausted, are subject to dismissal by reason of procedural default. In this regard, it appears that although the petitioner raised his claims in the state court in his motion to correct illegal sentence, the claims were ultimately rejected by the Louisiana appellate courts as untimely under state law, with the Louisiana Supreme Court expressly relying on La. Code Crim. P. art. 930.8 (which provides a two-year statute of limitations for the filing of applications for post-conviction relief), State ex rel. Glover v. State, 660 So.2d 1189 (La. 1995)(upholding dismissal based upon article 930.8), State v. Parker, 711 So.2d 694 (La. 1998)(holding that a claim of trial error is only cognizable, if at all, on an application for post-conviction relief and not on a motion to correct illegal sentence), La. Code Crim. P. art. 930.3(which provides the exclusive grounds upon which relief may be granted after conviction), and State ex rel. Melinie v. State, 665 So.2d 1172 (La. 1996)(holding that a claim of excessive sentence may not be raised in an application for post-conviction relief). Accordingly, the last state court to address the petitioner's claims clearly relied on a state procedural rule in denying

consideration thereof.[1]

When a state court decision to deny post-conviction relief rests on a state procedural ground that is independent of the federal question raised by the petitioner and is adequate to support the judgment, the federal court lacks jurisdiction to review the merits of the petitioner's federal claims. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991); Moore v. Roberts, 83 F.3d 699 (5th Cir. 1996), cert. denied, 519 U.S. 1093, 117 S.Ct. 772, 136 L.Ed.2d 717 (1997). The independent and adequate "state ground doctrine "applies to bar federal habeas when a state court decline[s] to address a prisoner's federal claims because the prisoner ha[s] failed to meet a state procedural requirement." Coleman, supra, 501 U.S. at 729-730, 111 S.Ct. at 2554:

> In the absence of the independent and adequate state ground doctrine in federal habeas, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court. The independent and adequate state ground doctrine ensures that the States' interest in correcting their own mistakes is respected in all federal habeas cases.

Id. at 731-32, 111 S.Ct. at 2554-55 (quoting Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982)); Moore, supra, at 703. This rule applies even if the state court addresses the substance of the claim in the alternative. Harris v. Reed, 489 U.S. 255, 109 S.Ct. 1038, 103 L.Ed.2d 308 (1989); Fisher v. State, 169 F.3d 295, 300 (5th Cir. 1999).

For the independent and adequate state ground doctrine to apply, the state court adjudication of a habeas petitioner's claim must have been, as here, explicitly based on a state procedural rule. Moore, supra, at 702; Sones v. Harbett, 61 F.3d 410, 416 (5th Cir. 1995). The procedural default doctrine presumes that the "state court's [express] reliance on a procedural bar functions as an independent and adequate ground in support of the judgment." Id. The petitioner can rebut this presumption only by establishing that the procedural rule is not "strictly or regularly followed" or, notwithstanding, by (1) demonstrating "cause for the default and actual prejudice as

---

[1] The intermediate appellate court also determined, in the alternative, that the petitioner's claims were without merit on substantive review.

a result of the alleged violation of federal law" or (2) demonstrating that "failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, supra, 501 U.S. at 750, 111 S.Ct. at 2565; Moore, supra, at 702.  The petitioner has made no attempt to make these showings.  Accordingly, the Court is precluded from considering the petitioner's claims for this reason as well.

## RECOMMENDATION

It is recommended that the petitioner's application for habeas corpus relief be dismissed as untimely and as barred by procedural default.

Baton Rouge, Louisiana, this __19th__ day of April, 2010.

_____
DOCIA L. DALBY
MAGISTRATE JUDGE